## OPINION OF THE JUSTICES TO THE SENATE.

It is within the constitutional power of the Legislature to provide that a presiding judge in granting a motion for a new trial shall file a statement setting forth fully the grounds upon which the motion is granted, and that, if it appears from the statement that the sole ground for granting the motion was that the damages awarded were either inadequate or excessive, the new trial shall be limited to the question of the amount of damages.

It is not within the constitutional power of the Legislature to provide by statute that, if a verdict for a plaintiff is set aside by the judge presiding at the trial and at a subsequent trial of the case a verdict again is returned for the plaintiff, a new trial, if granted, shall be limited to the question of damages, unless the verdict is set aside and a new trial is granted on the ground of fraud, because such a statute would be in violation of the Seventh Article of the Amendments of the Constitution of the United States and the Fifteenth Article of the Massachusetts Declaration of Rights, in impairing the right of trial by jury, which includes the power of the presiding judge to set aside the verdict and continues until a verdict is returned to which no valid objection is made, and also might be in violation of the Fourteenth Amendment of the Constitution of the United States in denying to defendants the equal protection of the laws.

ON March 23, 1911, the following order was passed by the Senate, and on March 28, 1911, was transmitted to the Justices of the Supreme Judicial Court. On April 4, 1911, the Justices returned the answer which is subjoined.

ORDERED, That the Justices of the Supreme Judicial Court be required to give their opinion to the Senate upon the following important questions of law:

(1) Are the provisions of Section 1 of Senate Bill No. 378, as amended by the Senate, a copy of which is transmitted herewith, now pending before the General Court, within the constitutional power of the Legislature?

(2) Is it within the constitutional power of the General Court to provide by law that if in a civil case between party and party the sole ground for the setting aside of a verdict for the plaintiff is that the verdict is excessive, or inadequate, then the new trial of said case shall be limited to the question of the amount of damages?

(3) Is it within the constitutional power of the General Court to restrict in the manner provided in Senate Bill No. 378, as amended by the Senate, a copy of which is transmitted here-

with, now pending before the General Court, the power of the presiding judge to set aside a verdict of the jury, or successive verdicts?

SENATE NO. 378, AS AMENDED BY THE SENATE.

An Act Relative to New Trials in Jury Cases.

Be it enacted by the Senate and House of Representatives in General Court assembled, and by the authority of the same, as follows:

Section 1. Whenever a verdict is set aside and a new trial is granted under the provisions of section one hundred and twelve of chapter one hundred and seventy-three of the Revised Laws, the justice granting the motion for the new trial shall file a statement setting forth fully the grounds upon which the motion is granted, which statement shall be a part of the record of the case. If it appears from the statement that the sole ground for granting the motion was that the damages awarded were either inadequate or excessive, then the new trial shall be limited to the question of the amount of damages.

Section 2. If a verdict rendered in behalf of a plaintiff is set aside as provided in section one of this act and at a subsequent trial of said case a verdict is again rendered in behalf of the plaintiff, a new trial, if granted, shall be limited to the question of damages, unless the verdict is set aside and a new trial is granted on the ground of fraud.

Section 3. If exceptions taken in any case are sustained by the Supreme Judicial Court, nothing in this act contained shall prevent said court from ordering a new trial of such case on the merits.

Section 4. This act shall take effect upon its passage.

To the Honorable Senate of the Commonwealth of Massachusetts:

The questions which we are to answer, a copy of which is hereto annexed, concern the right of trial by jury which is secured to all our people by the Federal Constitution and the Constitution of this Commonwealth. U. S. Const. Amendm. art. 7. Declaration of Rights, art. 15. This right, as it was understood by our ancestors, might be exercised in all actions at common

law, as distinguished from proceedings in admiralty, in equity, in the ecclesiastical courts and in statutory proceedings not conducted in accordance with the rules of the common law. Trial by jury, at the time of the adoption of our Constitution, included not only the presence of a jury for the determination of facts, but also the supervision and guidance of a presiding judge who should direct the course of the trial, pass upon questions as to the admissibility of evidence and instruct the jury in matters of law, so that the result of the trial might establish the rights of the parties conformably to the law of the land. It included also, as a part of the power of the judge, a right, upon application of an aggrieved party, to set aside the verdict if it was rendered by the jury in disregard of their manifest duty, or under some grave mistake which if not corrected would work a miscarriage of justice. The right of the party to have the exercise of this power of the judge to set aside a verdict does not seem to have existed from the earliest times, the remedy at first having been by a process of attainder against the jury. But so long ago as 1655, Glynne, C. J., said, in *Wood* v. *Gunston*, Style, 466, in which a new trial was granted for partiality of the jury and excessive damages for a libel : " It is in the discretion of the court in some cases to grant a new trial, but this must be a judicial, and not an arbitrary discretion, and it is frequent in our books for the court to take notice of miscarriages of juries, and to grant new trials upon them." In cases of felony it was the general practice in England to give relief by a recommendation of pardon, and this right to grant new trials was not exercised by inferior courts; but that it was a part of the authorized proceedings in a trial by jury before a court of general jurisdiction was recognized long before the adoption of our Constitution.

Said the Supreme Court of the United States, speaking through Mr. Justice Gray, in *Capital Traction Co.* v. *Hof*, 174 U. S. 1, 13, " ' Trial by jury,' in the primary and usual sense of the term at the common law and in the American constitutions, is not merely a trial by a jury of twelve men before an officer vested with authority to cause them to be summoned and empanelled, to administer oaths to them and to the constable in charge, and to enter judgment and issue execution on their verdict; but it is a trial by a jury of twelve men, in the presence

and under the superintendence of a judge empowered to instruct them on the law and to advise them on the facts, and (except on acquittal of a criminal charge) to set aside their verdict if in his opinion it is against the law or the evidence.   This proposition has been so generally admitted, and so seldom contested, that there has been little occasion for its distinct assertion.   Yet there are unequivocal statements of it to be found in the books." The substance of this doctrine was recognized by this court in *Commonwealth* v. *McElhaney*, 111 Mass. 439, 441, in which the statutes are referred to and discussed.   Of jurisdiction at common law it is said that, " This court, by virtue of its general jurisdiction, and independently of any special authority conferred upon it by statute, had the power to grant new trials, even in capital cases."   It was referred to by Chief Justice Shaw, who wrote the leading opinion of the court, and by Mr. Justice Dewey, who wrote a dissenting opinion, in *Commonwealth* v. *Anthes*, 5 Gray, 185, 231, 241.   It was fully recognized in the comparatively recent case of *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223, 230.   This last case also recognizes the fact which had been established long before, that trial by jury is only for the benefit of the parties litigant, and that either of them may waive his right.

We deem it the established law of this Commonwealth that the right of each party to have the assistance and protection of the presiding judge, including the power on the part of the judge to set aside the verdict for good cause, is a part of his right to a trial by jury, secured to him by the Constitution of the Commonwealth.   A similar right is secured to litigants in the United States courts by the Federal Constitution.   This right continues until a verdict is returned to which no valid objection is made, and which therefore settles the rights of the parties as to all matters included in it.   It follows that the Legislature has no authority to enact a statute which limits or impairs this right.

The first and second questions, which relate only to the first section of the proposed act, are answered in the affirmative.   In substance the section is in accordance with the general practice to grant a new trial upon the question of damages only, if the verdict is satisfactory in all particulars as a determination of the liability.   This is the practice in this court when a new trial is

granted upon exceptions which show errors of law that enter into the assessment of damages only. The requirement that a judge shall file a statement setting forth the grounds upon which the motion is granted is a reasonable regulation that does not injuriously affect the rights of either party.

The last part of this section has no application to a case where the principal and controlling grounds for granting the new trial are that the damages are excessive, and where the statement also shows that, on the question of liability, the judge is of opinion that upon the weight of the evidence the verdict should have been the other way, and that this fact is an additional reason for setting aside the verdict, although in itself alone it might not be a sufficient reason for such action.

The third question, which refers to the second section of the proposed act, requires us to consider whether the Legislature can deprive a defendant, in whose favor a motion for a new trial has been granted, of his right to have the second, or any subsequent trial, conducted to a final result, in accordance with the salutary methods secured to him by the Constitution, which include the presence of a judge who has power to set aside the verdict if justice requires it. This question must be answered in the negative. The constitutional right to a trial by jury in actions at common law continues in every case until a verdict is rendered which is so far supported by the law and the evidence that the court ought not to set it aside. The right of the party in a trial never can be diminished or impaired by the fact that there has been a previous trial of the same case which resulted in nothing that the law could approve.

Affecting this third question, there is an independent consideration under the Fourteenth Amendment of the Constitution of the United States, which we will not consider at length. Under that amendment, every person within the jurisdiction of the Commonwealth is entitled to the equal protection of the laws. Under the second section of the proposed act, there is an attempted limitation upon the power of the court to set aside a second verdict for a plaintiff upon motion of a defendant, when there is no similar limitation upon the power of the court to set aside successive verdicts for a defendant upon motion of the plaintiff. It is at least very doubtful whether the Constitution

permits such a discrimination between the parties to a suit, in reference to their right to have a verdict set aside if it is against the law and the evidence. See *Opinion of the Justices, ante,* 601, communicated to the House of Representatives on March 22, 1911.

<div align="right">

MARCUS P. KNOWLTON.
JAMES M. MORTON.
JOHN W. HAMMOND.
WILLIAM CALEB LORING.
HENRY K. BRALEY.
HENRY N. SHELDON.
ARTHUR PRENTICE RUGG.