FRANK EDWARDS *vs.* FRANCIS WILLEY & others.

Suffolk.    March 24, 1914. — June 17, 1914.

Present: RUGG, C. J., HAMMOND, LORING, SHELDON, & CROSBY, JJ.

</div>

*Practice, Civil,* New Trial, Setting aside verdict, Verdict. *Damages,* Excessive.

The provision of St. 1911, c. 501, that whenever a verdict is set aside and a new trial is granted, the judge "granting the motion for the new trial shall file a statement setting forth fully the grounds upon which the motion is granted," does not take away nor in any way diminish the discretionary power of a presiding judge to set aside a verdict on a motion in writing of a party filed under R. L.

c. 173, § 112, and does not enlarge in any way the jurisdiction of this court to review the exercise of such discretionary power.

This court, in considering whether the discretionary power of a presiding judge in setting aside a verdict was exercised properly, will consider only whether a careful examination of the reasons of the judge, filed in compliance with St. 1911, c. 501, discloses any abuse of judicial discretion or any overstepping the limits of his jurisdiction or failure to comply with the reasonable regulations of the statutes.

Where a presiding judge, after a verdict had been returned for a plaintiff in a large amount, made an order that, unless the plaintiff should remit a substantial amount named, the verdict should be set aside and a new trial granted upon the question of damages only and also ordered that a special finding of the jury that no damages should be awarded upon a certain claim asserted by the plaintiff should "stand and no new trial be had upon that issue," this court, in sustaining the judge's exercise of his discretion in making the order in regard to the setting aside of the verdict, *held* that the order of the judge that the finding for the defendant on a special issue should stand was warranted and did not conflict with the order in regard to setting aside the general verdict.

RUGG, C. J.  This case comes before us on a report by a judge of the Superior Court * of questions of law raised upon a motion for setting aside the verdict. *John Hetherington & Sons* v. *William Firth Co.* 212 Mass. 257. The case was sent to an auditor whose report was for the plaintiff in a large sum. It then was tried before a jury, which also found for the plaintiff in about the same amount. Thereupon the defendants made a motion for a new trial on four different grounds, one being excessive damages. Upon this motion the order was made, "The court adjudges the verdict to be excessive by the sum of eighty-three thousand two hundred ninety-six dollars and seventy-eight cents ($83,296.78), and the court orders that unless the plaintiff within ten days after the entry of this order shall in writing remit that sum from the verdict then the verdict shall be set aside and a new trial ordered upon the question of damages alone. The special finding of the jury as to the Barre Wool Combing Company business shall stand and no new trial be had upon that issue." This question was, "What amount, if any, for commissions on profits of the Barre Wool Combing Company is included in the verdict?" to which the answer was, "None." This was equivalent to a finding that the plaintiff was not entitled to any damages for profits arising from that source or to a finding for the defendants on that issue.

---

* *Fessenden,* J.  The verdict was for $154,216.89.

At common law the power of the judge presiding over a jury trial to set aside the verdict upon any ground recognized by the law was limited only by sound judicial discretion. *Ellis* v. *Ginsburg*, 163 Mass. 143. It was only in an extraordinary case, revealing an abuse of judicial discretion, *Simmons* v. *Fish*, 210 Mass. 563, 572, or an excess of jurisdiction, *Shanahan* v. *Boston & Northern Street Railway*, 193 Mass. 412, or similar error that an appellate court could review the action of the trial judge in setting aside a verdict. The exercise of such discretion in an ordinary case was not subject to revision. *Parker* v. *Griffith*, 172 Mass. 87. *Lopes* v. *Connolly*, 210 Mass. 487, 496.

The exercise of this power has been regulated by the Legislature to the extent that a verdict can be set aside only upon a motion in writing filed by one of the parties stating the reasons relied on. R. L. c. 173, § 112. *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223, 229. Failure to observe reasonable regulations of this sort apparent upon the record is cause for nullifying the action of the trial court. *James* v. *Boston Elevated Railway*, 213 Mass. 424. By St. 1911, c. 501, it has been provided further that in setting aside a verdict the judge "granting the motion for the new trial shall file a statement setting forth fully the grounds upon which the motion is granted, which statement shall be a part of the record." Before this statute was enacted the justices of the Supreme Judicial Court advised the Senate that it would be constitutional. In the course of that opinion, it was said, "We deem it the established law of this Commonwealth that the right of each party to have the assistance and protection of the presiding judge, including the power on the part of the judge to set aside the verdict for good cause, is a part of his right to a trial by jury, secured to him by the Constitution of the Commonwealth. . . . The requirement that a judge shall file a statement setting forth the grounds upon which the motion is granted is a reasonable regulation that does not injuriously affect the rights of either party." *Opinion of the Justices*, 207 Mass. 606, 609, 610. The language of the statute is to be interpreted in the light of this statement of the undoubted law. The power of the judge presiding over the jury trial to set aside the verdict for any reason recognized by law which is a part of the constitutional right of trial by jury, may be put forth only in the exercise of a sound judicial

discretion, and not for any arbitrary or whimsical reason. *Powers v. Bergman,* 210 Mass. 346. *Welsh v. Milton Water Co.* 200 Mass. 409. There is nothing in this statute which indicates a purpose to take away this discretionary power or to narrow it in any way. The aim of the statute simply is to require that the judge put in writing a statement of the ground or grounds upon which he bases his action in setting aside the verdict, and to make that a part of the record. It does not undertake to make the exercise of that power subject to exception or revision in any other manner than it had been under the earlier statutes. It does not enlarge in any way the jurisdiction of this court to review the exercise of that power by the trial court. It affects the form of the exercise of the power and not its substance. The exercise of judicial discretion stands now just where it stood before the enactment of the statute. The only additional requisite is that the reasons which move the judge to the exercise of that discretionary power shall be made a matter of record. One effect of the statute well may be to impress upon the mind of the judge that a verdict of a jury is not to be dealt with lightly. It gives assurance to parties that it has not been set aside inadvertently or without careful reflection and deliberate formulation of the grounds on which such action is founded. It serves to emphasize the well recognized and basic principle that in trials by jury at common law the settlement of controverted facts rests with the jury whose decision is to be final, except in those unusual cases where it is manifest that their trust has been mistaken or abused, or where the verdict appears to the trial judge to be so " greatly against the weight of the evidence as to induce in his mind the strong belief that it was not due to a careful consideration of the evidence, but that it was the product of bias, misapprehension or prejudice." *Scannell v. Boston Elevated Railway,* 208 Mass. 513. *Baker v. Briggs,* 8 Pick. 122, 126. *Treanor v. Donahoe,* 9 Cush. 228, 231.

But the statute goes no further than this. It does not attempt to make the exercise of the judicial discretion vested in the trial court subject to review or revision. It does not mean that this court is to examine all the evidence in every case and determine whether it would have set the verdict aside. Moreover, it is open to grave doubt whether a jury trial shorn of such discretionary power of the presiding magistrate would satisfy the re-

quirement of the Constitution.   But however that may be, it is enough to say that this statute does not aim at any such end.

One of the grounds alleged in the motion for setting aside the verdict was that the damages were excessive.   It is upon that ground that the trial judge set aside the verdict unless a certain amount was remitted.   This long has been recognized as a legal ground for setting aside a verdict.   It also is referred to as a ground in St. 1911, c. 501.   He set forth the reasons at length, perhaps with greater amplification than was required.   A careful examination of them fails to disclose an abuse of judicial discretion or any travelling outside the limit of his jurisdiction or failure to comply with the reasonable regulations of the statutes. Futher than this we ought not to go in our scrutiny of them.

The additional order of the court that the answer of the jury, in substance to the effect that the plaintiff was entitled to no share in the profits made by the Barre Wool Combing Company, should stand was warranted.   This was not setting aside of a part of the verdict and retaining another part which the judge thought was right.   That issue was separable from the rest, and might stand by itself.   *Burke* v. *Hodge,* 211 Mass. 156.

<div align="center"><em>Order on motion for new trial to stand.</em></div>

*S. J. Elder,* (*A. H. Russell & E. M. Moore* with him,) for the defendants.

*F. H. Stewart,* (*W. H. Rand, Jr., & J. H. Merrick* with him,) for the plaintiff.