### CLARK PARKER *vs.* LEWIS J. BIRD COMPANY.

Suffolk.   January 12, 1915. — June 21, 1915.

Present: RUGG, C. J., BRALEY, DE COURCY, CROSBY, & PIERCE, JJ.

*Practice, Civil*, New trial.

Under R. L. c. 173, § 112, providing among other things that a verdict may be set aside only upon a motion in writing "heard after notice to the adverse party," a reasonable opportunity for argument must be afforded to the party who has obtained a verdict before a motion for a new trial is granted.

Accordingly, if at a hearing of a motion of a plaintiff for a new trial after a verdict for the defendant the judge, after argument by the plaintiff's counsel as to a portion of the charge which the counsel argues was prejudicial to his client, states that he will look over the charge, and, upon the counsel for the defendant offering to argue against the motion, adds that he will "hear counsel further at a later time," and then, without giving the defendant's counsel an opportunity to be heard, grants the motion, an exception of the defendant thereto must be sustained.

*Whether* under any circumstances a biased or prejudicial statement in a charge to a jury may be an error of law so that a verdict returned in accordance with it may be regarded as "against the law" in a comprehensive sense, was not decided in this case, where a motion for a new trial because the verdict was "against the law" was granted by the trial judge, subject to an exception by the party who had obtained the verdict, on the ground that a certain portion of his charge might have been prejudicial to the party making the motion, and it appeared that both the parties to the action and the judge treated the ground stated by the judge as outside those stated in the motion, and it also appeared that the portion of the charge objected to was not biased or prejudicial.

A judge of the Superior Court has no power to order a new trial for a reason not expressly stated in a motion for a new trial or by fair implication included within the reasons therein stated.

CONTRACT OR TORT, with a declaration in two counts, the first count alleging a failure of the defendant, a licensed auctioneer, to deliver to the plaintiff certain goods which he had sold to the plaintiff at a public auction, and the second count alleging a conversion of the same goods.   Writ dated June 24, 1913.

In Superior Court the case was tried before *Bell*, J.   The defendant's evidence tended to show, and the plaintiff introduced no evidence to contradict it, that a condition of the sale was the payment of a deposit at the time of the sale.   There was no dispute that, at the sale, the plaintiff bid in the goods in question, that he paid no deposit on them at that time, and that the next day the defend-

ant sold the goods to another person. The plaintiff testified that
he offered to pay for the goods at the time of the sale and desired
to take them with him at that time, and that the defendant re-
fused to accept payment and make delivery at that time, which,
he contended, was a waiver of the condition as to the deposit.
This evidence was controverted by the defendant's evidence.
In this connection the judge charged the jury as follows:
"Was there something said there which, fairly interpreted, could
be regarded as a waiver of the right to have a deposit? Mr.
Parker says that that night he asked for the present delivery of
those things and offered to pay for them; that there was talk
about there being a watchman there and their being secure there.
Mr. Bird says the conversation was entirely limited to whether
the goods would be safe, whether it would be proper to leave them
there through the night; and if you believe the testimony of other
witnesses it appeared at that time, the sale having lasted very
late in the afternoon, the bill had not been made out and the ac-
counts arranged, and you may find — it is not for me to say that
you will — that at that time the account not having been made
up, if they were not made up, Mr. Bird or the auctioneer were
not aware whether Mr. Parker had made a deposit or had not
made a deposit because the thing had not been figured out. That
is for you to say. I don't say it, I simply suggest it to you, and
it is for you to determine what that conversation was, what its
effect fairly was. Was it understood between the parties that then
the matter of deposit was gone into and it was of no consequence?
Upon the probabilities which may aid you on that question both
parties have offered evidence. Mr. Parker offered evidence that
he had bought goods before and that he was known for some length
of time — he puts it longer and apparently more intimately than
Mr. Bird does — to the parties. Whether it would be probable
that he would not require a deposit of him, how far that goes, it is
for you to say. There is some suggestion, — I don't know but
what I excluded that previous dealing, — but the fact that a man
knows another does not necessarily mean that he knows him as
a man of credit and responsibility, and there is some evidence,
to which I call your attention, which might bear the other way,
because I want to put the probabilities on both sides."

Then followed the "statement" which the trial judge, in the

memorandum which he filed in granting the motion for a new trial and which is quoted in the opinion, stated "may have been prejudicial to the plaintiff." This was as follows: "If you believe the young man who collected deposits, when he asked a deposit of Mr. Parker, Mr. Parker said he had no money with him; and when Mr. Parker did pay this bill he didn't pay it himself but brought another man with him, according to his own account, who produced the money and paid it, — which might be an indication — don't give any weight to it because I suggest it — that he wasn't in funds himself but was depending on some other man to furnish this money to pay for these goods. It has this bearing, his offer to pay that night if he hadn't the money to pay with would be less probable, it is less probable if he had no money to pay with, because he might be detected if his offer had been taken up."

At the close of the evidence, by consent of the plaintiff, a verdict was ordered for the defendant upon the second count of the declaration.

The jury found for the defendant on the first count. A motion for a new trial was filed by the plaintiff. The motion itself, the disposition made of it and the exception of the defendant with regard thereto are described in the opinion.

The case was submitted on a brief by the defendant.

*J. F. Cavanagh & P. A. Hendrick,* for the defendant.

RUGG, C. J. This case comes before us on a report of questions raised on a motion for a new trial. A verdict was returned for the defendant. Thereafter, the plaintiff filed a motion in due form that the verdict be set aside, as against the evidence, and the weight of the evidence, and for the further reason "That the verdict of the jury is against the law." This motion came on for argument before the judge of the Superior Court who presided at the jury trial, and it was argued by the counsel for the plaintiff that "a new trial should be granted for the reasons set forth in the motion, and because the plaintiff was prejudiced by some remarks of the judge" given in the charge, which he proceeded to specify. At the close of the plaintiff's argument, the court said: "It did not think the verdict was against the evidence, that the evidence was pretty evenly balanced, that it was careful in stating the law and did not think it was against the law, that it thought

this was a formal motion, but if counsel for the plaintiff felt that some remarks of the court injured the plaintiff, the court would look over the charge if counsel would furnish a transcript." That was an oral statement. It was not a disposition of the motion. *Randall* v. *Peerless Motor Car Co.* 212 Mass. 352, 388. St. 1911, c. 501. *Edwards* v. *Willey,* 218 Mass. 363. Thereupon, as the counsel for the defendant was about to argue in opposition to the granting of the motion, the judge said that he would look over the charge and "hear counsel further at a later time." Without notice and without argument by the defendant, at a later time the judge filed this statement respecting the motion: "After careful consideration of the matter, I am of opinion that some statements in my charge may have been prejudicial to the plaintiff and for that reason only I grant a new trial. The verdict was not in conflict with the evidence."

It was error for the judge to grant the motion without hearing the party in whose favor the verdict had been returned. At common law the court had power to set aside a verdict and order a new trial for any just cause, of its own motion and without request therefor. *Ellis* v. *Ginsburg,* 163 Mass. 143. *McKinley* v. *Warren,* 218 Mass. 310. It is required by R. L. c. 173, § 112, that a verdict be set aside only upon a motion in writing stating the reasons relied upon, "heard after notice to the adverse party." This has been held in general to be a constitutional regulation of the right of a trial by jury and not an impairment of its essential characteristics. *Opinion of the Justices,* 207 Mass. 606. The meaning of that part of the statute which makes imperative a hearing upon the written motion has not been declared by the court. By fair implication, that part of the statute enjoins that opportunity for reasonable argument be afforded to the party against whom the decision is made. As thus interpreted, the statute does not violate the constitutional right to a trial by jury.

The portion of the charge referred to in the statement of the judge plainly was not erroneous as matter of law. It appears to have been a suggestion entirely within the power of the judge in performing the duty of enabling the jury to reach a correct conclusion on the credible evidence. *Whitney* v. *Wellesley & Boston Street Railway,* 197 Mass. 495, 502. *Plummer* v. *Boston Elevated Railway,* 198 Mass. 499, 515. Only one unusually and acutely

sensitive as to judicial propriety could have conceived it to have been possibly prejudicial. The statement on paper conveys no such impression.

It is not necessary to determine whether under any circumstances a biased or prejudicial statement by a judge in the course of a charge may be an error of law, and hence a verdict returned in accordance with it be regarded as against the law in a comprehensive sense, *Loveland* v. *Rand,* 200 Mass. 142, for the reason that neither the judge nor the parties have proceeded on that theory in the case at bar. Both parties and the judge have treated the ground here stated as outside the precise terms of the motion. The counsel for the plaintiff in arguing the motion seemingly did not undertake to include this reason among those set forth in the motion, but as something beyond those there specified. He argued that a new trial ought to be granted "for the reasons set forth in the motion and because the plaintiff was prejudiced by some remarks of the judge," to quote the phrase of his exceptions. This evidently means something more than was alleged in the motion. The oral statement of the judge at the conclusion of the argument shows that he did not think that he had made an error of law in the charge, or that the verdict was against the law. The written statement indorsed later on the motion itself appears to conform to this orally expressed view. Taken together, they disclose the thought that the grounds set forth in the motion were not those which moved the judge to action. We treat the case for purposes of decision as it has been treated by the judge and the counsel.

A judge of the Superior Court has no power to order a new trial for a reason not expressly stated or by fair implication included within the motion. *Peirson* v. *Boston Elevated Railway,* 191 Mass. 223. *James* v. *Boston Elevated Railway,* 213 Mass. 424. Hence the verdict does not appear to have been set aside according to law.

The appeal was taken prematurely and must be dismissed. *Cotter* v. *Nathan & Hurst Co.* 211 Mass. 31.

*Exceptions sustained.*

*Appeal dismissed.*