COMMONWEALTH *vs.* JERRY GEDZIUM.

Middlesex.     October 17, 1927. — November 22, 1927.

Present: BRALEY, CROSBY, PIERCE, CARROLL, WAIT, & SANDERSON, JJ.

*Superior Court,* Illness of judge. *Practice, Criminal,* New trial, Furnishing of list of witnesses before the grand jury, Inspection of minutes of and evidence before grand jury.

It is proper that a motion for a new trial of an indictment for murder be heard by a judge of the Superior Court who did not preside at the trial if he finds that the judge who presided at the trial is ill and unable without grave injury to his health to hear the motion.

In case of illness of the trial judge, the question, whether another judge should hear a motion for a new trial of an indictment for murder depends upon the facts disclosed and is to be decided in the exercise of a wise judicial discretion.

The trial of the indictment above described had closed on November 24, 1926, with a verdict of guilty; exceptions had been overruled by this court on May 19, 1927; the motion for a new trial was presented in June, 1927, at which time it appeared that the judge who had presided at the trial had been ill for many months and was unable, without grave injury to his health, to hear the motion. *Held,* that it could not be said to have been an improper exercise of discretion on the part of another judge of the Superior Court to hear the motion, although the time when the trial judge might return to his duties was in doubt.

A failure on the part of a district attorney to furnish to one indicted for murder a full list of the witnesses who had testified before the grand jury, which failure came to the knowledge of the defendant during the trial, is not ground for a motion for a new trial after a verdict of guilty.

A defendant indicted for murder has no right, after a verdict of guilty, to an inspection of the minutes of the grand jury and the report of the evidence heard by it.

INDICTMENT, found and returned on October 9, 1925, for the murder of Edward C. Ross on September 29, 1925.

The defendant was found guilty at a trial before *Lourie*, J., on November 24, 1925, and exceptions saved by him were overruled by this court on May 19, 1927, in a decision reported 259 Mass. 453.

Thereafter, the proceedings described in the opinion took place before *Dillon*, J., and the defendant alleged exceptions.

The case was submitted on briefs.

*W. E. Weeks*, for the defendant.

*R. T. Bushnell*, District Attorney, & *F. A. Crafts*, Assistant District Attorney, for the Commonwealth.

SANDERSON, J.  The defendant was convicted of murder in the first degree by a jury, and the exceptions taken at the trial were overruled.  *Commonwealth* v. *Gedzium*, 259 Mass. 453.  Thereupon the defendant filed a motion for a new trial and a motion to inspect the minutes of, and to read the testimony introduced before, the grand jury which returned the indictment.  On May 25, 1927, the district attorney presented to the judge then holding a session of the criminal court in Middlesex County a motion that, in the absence of the judge who presided at the trial, the motion for a new trial be set down for hearing forthwith and that the defendant be sentenced according to law.  At the hearing on this motion, June 1, 1927, the judge found that the trial judge was ill and unable to preside without grave injury to his health, and allowed so much of the district attorney's motion as asked that the motion be set down for hearing forthwith. On June 22, 1927, a motion to amend the motion for a new trial was allowed and, on the same date, the defendant filed a motion for leave to inspect the minutes of and to read the testimony introduced before the grand jury in an alleged John Doe investigation of the robbery and murder at the Ward Baking Company, September 29, 1925.  He also filed a motion that the hearing upon his motion for a new trial with affidavits be heard by the judge who presided at the trial.  After hearing, each of these motions was denied, and the judge indorsed thereon his finding that the trial judge, at the time of the filing of the motions, the hearings thereon,

and the determination thereof, was ill and physically unable to discharge his judicial duties. He also stated that he had read and reviewed the record of the testimony given at the trial as transcribed by the official stenographer, together with arguments of counsel and the charge of the trial judge. The defendant excepted to and claimed an appeal from the denial of the motions.

The first question to be decided is whether, upon the facts disclosed by the record, a judge who did not preside at the trial could hear and decide the motion for a new trial.

"The governing rules of law as to motions for a new trial in capital cases are the same as in civil and in other criminal cases." *Commonwealth* v. *Devereaux,* 257 Mass. 391, 395. The only statutory provision concerning such motions in criminal cases is in the following terms: "The Superior Court may, at the sitting in which an indictment is tried, or within one year thereafter, or, in capital cases, within said year or at any time before sentence, upon motion in writing of the defendant, grant a new trial for any cause for which by law a new trial may be granted or if it appears to the court that justice has not been done . . . ." G. L. c. 278, § 29, as amended by St. 1922, c. 508.

It is provided in G. L. c. 212, § 2, that "The court shall be held by one of the justices, and when so held shall have and exercise all the power and jurisdiction committed to said court."

A distinction between acts required by the Legislature to be done by a judge or by the justices of a court and those which are to be done by the court has been recognized in our decisions. "'The Superior Court,' as used in the statutes means the court held, whether by one or more judges, at a time and place established by law for the judicial administration of justice." *Catheron* v. *County of Suffolk,* 227 Mass. 598, 602. In that case (page 603) the court, in referring to acts that may be done by a judge holding court and those which must be done by the justices constituting the court, said that in general it was true that "when the court is referred to in the statutes in connection with the superior bench, the justices constituting the court are not intended; but the

judge or judges holding the court according to law." *Greenwood* v. *Bradford,* 128 Mass. 296, 297. It is of some significance in connection with this matter that the Legislature required "the court" to pass upon motions for new trials while the statute in regard to bills of exceptions provides that they shall be passed upon by the "presiding justice." It has been held that a judge who did not hear the case may enter an order vacating a judgment under a statute which authorizes "the court" to do it. R. L. c. 193, §§ 14–17 (now G. L. c. 250, §§ 14–17). *Rollins* v. *Bay View Auto Parts Co.* 239 Mass. 414, 423.

The hearing of a motion for a new trial by a judge who did not preside at the trial presents no jurisdictional question. In *Lutolf* v. *United Electric Light Co.* 184 Mass. 53, it was held that if a defendant voluntarily proceeds after the death of the judge who presided at the trial to have a motion for a new trial heard by another judge, the defendant cannot be heard to say that the judge who had heard the motion could not deny it. The case of *Commonwealth* v. *Peck,* 1 Met. 428, recognizes the right under Rev. St. c. 138, § 14, of either the Supreme Judicial Court or the trial court to hear and pass upon motions for new trials. In the opinion, by Chief Justice Shaw, it was said (pages 434, 435): "We are aware of the difficulty and inconvenience of sustaining a motion for a new trial, in this court, for causes arising in the trial before the court of the common pleas, because, in the course of practice, we can have no report showing the evidence and proceedings in that court. Sometimes, perhaps, the difficulty arising from this cause may be insurmountable. But we think this does not affect the authority and jurisdiction of the court over the subject matter. Other cases may occur, where the grounds are of such a nature, that without a report from the judge, the party moving for a new trial may be able to establish the merits of his case; as where the ground depends upon matter extraneous, like that of the misconduct of parties in tampering with jurors. In other cases, the newly discovered evidence may be of so decisive a nature, as to warrant a new trial, whatever may have been the evidence upon the first trial." The case was remanded

to the Court of Common Pleas for the hearing of the motion. In *Commonwealth* v. *Scott,* 123 Mass. 418, 419, the court, in an opinion by Chief Justice Gray, said: "Under former statutes, by which an appeal, a bill of exceptions or a report transferred the whole case, it was within the power of this court, while the case remained here, to entertain a motion for a new trial for any cause; but it was not its practice to decide such a motion, when it might be heard in the court below." As a general rule the granting or denial of a motion for a new trial rests in the sound discretion of the trial judge. *Commonwealth* v. *Dascalakis,* 246 Mass. 12, 24. *Commonwealth* v. *Gettigan,* 252 Mass. 450, 464. If the presiding judge dies while a motion for new trial is pending, the granting of that motion is "at the discretion of the court where the trial was had." *Borrowscale* v. *Bosworth,* 98 Mass. 34, 38.

In *Benson* v. *Hall,* 197 Mass. 517, 518, 519, the court was considering a case in which the judge who presided at the trial had died, and another judge of the same court decided a motion for a new trial after denying the defendant's motion that the verdict be set aside and a new trial be ordered because of the death of the trial judge. In the opinion the court said: "It is the defendant's argument, that only the judge who presided could act, and that his decease operated as an allowance of the motion. But while the defendant had asked for a review of the trial, and the judge to whom he applied was prevented by death from taking judicial action, the tribunal of which he was a member survived. The discretionary power of the court had been invoked, and if the great advantage which the parties would have derived by being heard by the judge who presided at the trial had been irretrievably lost, yet the defendant did not withdraw his motion, and, until it had been disposed of, the plaintiff could not obtain judgment. In this situation it was open to either party to make application for a hearing to the court whose members severally were clothed with the same powers, and who possessed the absolute right to hear and determine all matters which remained undecided in the case. It was, therefore, within their discretion, as it had been in his, either to grant or to refuse a second trial." From this

decision it would seem to be the settled law of this Commonwealth that in case of the death of the trial judge some other judge of the same court has the right to pass upon a motion for a new trial.

In *Commonwealth* v. *Sacco, ante,* 12, 15, the question of the propriety of the judge who sat in the case hearing and deciding a motion for a new trial was not decided, because it was held that "neither the judge nor any of his associates had jurisdiction to entertain the motion." In other jurisdictions it has been held that if the trial judge dies after verdict, or for some other reason is unable to hold the court, another judge may pass upon a motion for a new trial. *Life & Fire Ins. Co. of New York* v. *Wilson,* 8 Pet. 291, 303. *People* v. *McConnell,* 155 Ill. 192. *State* v. *Gaslin,* 32 Neb. 291. *Carter's Estate,* 254 Penn. St. 518. *Hudgins* v. *Veal,* 98 Ga. 137, 139. 29 Cyc. 923. It has often been said that the judge who has presided at the trial, when hearing a motion for a new trial, can take into consideration his observation of witnesses on the stand as well as the testimony which they gave. *Commonwealth* v. *Borasky,* 214 Mass. 313, 322. *Berggren* v. *Mutual Life Ins. Co. of New York,* 231 Mass. 173, 179. *Commonwealth* v. *Dascalakis, supra. Commonwealth* v. *Devereaux, supra. Commonwealth* v. *Sacco,* 259 Mass. 128, 139. This reason may be urged with most force when the motion requires a review of the evidence, but *Benson* v. *Hall,* 197 Mass. 517, decides that even when the motion requires such review, a judge who did not see the witnesses may hear the motion. This court, in passing upon the questions presented for review, may consider the fact that the judge who heard the motions had before him nothing but the stenographic report of the evidence at the trial. The only reason suggested in *Commonwealth* v. *Peck, supra,* for the difficulty and inconvenience which would arise under some circumstances if the Supreme Judicial Court undertook to decide a motion for a new trial in a case tried in another court was that under the practice then existing there would be no report before the higher court showing the proceedings and the evidence in the trial court.

In *Ingalls* v. *Oliver,* 198 Mass. 345, this court, in deciding

that it had no authority to pass upon a motion for a new trial of issues sent to the Superior Court to be tried, referred to the fact that the Legislature had made no provision for report to this court of the evidence introduced at the trial of the issues.   The statute which created the modern practice as to saving exceptions in capital cases was enacted to eliminate delay.   It makes provision for the taking of evidence and making a certified transcript which shall be the true record of the evidence.   St. 1925, c. 279.   By virtue of this provision, any judge who may be called upon to pass upon a motion for a new trial has before him the same evidence which the trial judge heard.

In *Opinion of the Justices,* 207 Mass. 606, 609, when the question whether certain restrictions could be placed on the power of the trial court in the matter of allowing motions for a new trial was being considered, it was said: "We deem it the established law of this Commonwealth that the right of each party to have the assistance and protection of the presiding judge, including the power on the part of the judge to set aside the verdict for good cause, is a part of his right to a trial by jury, secured to him by the Constitution of the Commonwealth.   A similar right is secured to litigants in the United States courts by the Federal Constitution.   This right continues until a verdict is returned to which no valid objection is made, and which therefore settles the rights of the parties as to all matters included in it.   It follows that the Legislature has no authority to enact a statute which limits or impairs this right."   *Edwards* v. *Willey,* 218 Mass. 363, 365.   *Commonwealth* v. *Rollins,* 242 Mass. 427, 431.

In deciding that a judge might enter a decree sustaining a demurrer in accordance with a decision previously made by another judge, and order it entered as of the date of the first decision, this court said: "The Superior Court is a court of general jurisdiction.   The case was pending in the Superior Court.   Any judge of that court sitting for the judicial administration of justice had power to take cognizance of any motion or other matter pending for decision . . . .   These motions were not like a bill of exceptions, motion for new trial, or other step in procedure requiring the personal at-

tention of a particular judge because begun and remaining uncompleted by him." *Reno* v. *Cotter,* 236 Mass. 556, 560, 561. In *Opinion of the Justices, supra,* the court was considering the power of the trial judge to pass on motions for new trials and, in the case last cited, the reference in the opinion was to the general requirements of the law touching such motions. This court was not undertaking to decide in either opinion what the rights of the parties would be in case the presiding judge became ill or was no longer on the bench. Apparently the terms of the statute requiring the presiding judge to examine and pass upon bills of exceptions led to the legislation which authorizes another judge to pass upon such bills if the presiding judge fails to do so by reason of physical or mental disability, death, resignation, removal or retirement. G. L. c. 231, § 115, as amended by St. 1923, c. 5. This statute deprives a party of none of his constitutional rights. See *Quinn* v. *Standard Oil Co. of New York,* 249 Mass. 194, 205.

In principle, the serious illness of a judge would justify another judge in passing upon a motion for new trial for the reasons which would uphold such action in the case of death or retirement from the bench of the trial judge. It has been so held in *People* v. *Genesee Circuit Judge,* 227 Mich. 538, *People* v. *Kasem,* 230 Mich. 278, *Bova* v. *Scorpio,* 43 R. I. 98, 102, and *Southall* v. *Evans,* 114 Va. 461. It is desirable that justice be accomplished in the disposition of cases in court without unreasonable delay. In order that the public may be protected from crime, there are urgent reasons for the speedy apprehension and trial of those charged with criminal offences, and for the speedy punishment of those found to be guilty, in so far as this can be accomplished without injustice to a defendant.

In *Kennedy* v. *Hub Manuf. Co.* 221 Mass. 136, 139, the court said: "There is a heavy responsibility upon all judges that there be no unreasonable delay in the administration of justice." The accomplishment of this result is so much in the public interest, we should not hold that the death, retirement, or serious illness of a trial judge, before whom a motion for a new trial was pending, entitled the moving

party to a new trial as a matter of right, unless compelled to reach that conclusion by some positive statutory enactment or controlling decision. In the case of the illness of the trial judge the question whether another judge should hear the motion depends upon the facts disclosed and is to be decided in the exercise of a wise judicial discretion. The fact that the trial judge had been ill for many months was not in dispute. The judge who passed on the motions had seen him and was shown a communication from his medical adviser; and his findings as to the trial judge's condition are not questioned. The defendant's contention was that the motions should remain without action until the return of the trial judge. The record is somewhat meager as to the time of his probable return; the defendant's attorney offered to testify that the judge said that he expected to be holding court in September or the fall of 1927. On November 24, 1926, the defendant had been convicted at a trial found to be free from legal error, and we cannot say that the judge who heard the motion, in deciding that the motion for a new trial should be heard by him, exceeded his rights. Certain arguments addressed to him upon this motion related to the evidence at the trial; but that evidence is not made a part of this record. The defendant argues but one ground upon which he now contends that the motion for a new trial should have been granted, and that ground is "The failure of the district attorney to furnish him with a list of the witnesses who appeared before the grand jury which considered the crime as ordered by the court and required by the law." This ground would not require a review of the evidence and the trial judge would be in no better position to decide it than any of his associates.

It appears that at a special sitting of the grand jury at what was termed a John Doe investigation, evidence was presented by several witnesses concerning the homicide in question but no indictment was then returned. Later, at a regular sitting, after hearing one witness the grand jury returned the indictment. In response to the defendant's motion for a list of witnesses before the grand jury, the district attorney submitted the name of this one witness. The

defendant contends that the list of witnesses at the previous investigation also should have been included, and in his affidavit in support of this motion states that it appeared during the trial of the case that many witnesses had appeared before the grand jury and given evidence concerning the crime. Whatever the defendant's rights might have been if his motion had been presented at the trial when as the record shows the facts in reference to the matter became known to him, as he made no attempt to take any advantage of the point then, he cannot successfully raise the question on motion for a new trial. *Holdsworth* v. *Tucker*, 147 Mass. 572. In *Commonwealth* v. *Dascalakis, supra,* page 24, the court said: " . . . it has become the settled practice in criminal cases . . . that alleged errors of law occurring at the trial even in capital cases can be reviewed only on exceptions." Moreover, it does not appear from the record in the case at bar that any of the witnesses summoned before the grand jury failed to testify at the trial or that they were not cross-examined by the defendant or that his rights were prejudiced by any previous lack of knowledge of their names.

Upon an examination of the record we can find no error in the orders of the judge allowing the motion of the district attorney for a hearing of the motion forthwith, denying the motion of the defendant that his motion for a new trial be heard by the judge who presided at the trial, and denying the motion for a new trial. The defendant's constitutional right to have the assistance and protection of the presiding judge with power on his part to set aside the verdict for good cause is still in all its essential features preserved to him. The judge of the same court who heard the motion was clothed with that power.

No objection was made to the hearing by the judge of the other motions filed by the defendant. The assignment of error, in connection with the motions for leave to inspect the minutes of the grand jury and the report of the evidence heard by it, stated "The basis of these exceptions is that by such denial of the motions, the defendant was precluded from proving in his motion for a new trial that witnesses against him were unworthy of credit, the defendant being

sure that vital differences appeared in their testimony before the grand jury and the jury of trials." It has been decided that before the trial the defendant has no right to make such inspection. *Commonwealth* v. *Goldberg,* 212 Mass. 88. His rights in this respect are no greater after trial. He could have called grand jurors to testify to what any witness had said before that body if it were material to his motion for new trial. *Commonwealth* v. *Mead,* 12 Gray, 167.

Upon the present record the granting of the motion that the motions be heard by a judge other than the one who presided at the trial, the denial of the motion to inspect the minutes and report of the evidence before the grand jury, the denial of the motion for a list of names of witnesses before the grand jury, and the denial of motion for a new trial are

*Affirmed.*