Briggs, J.
This is an action of contract to recover for use and occupation of premises of the plaintiff, and comes *350 before us on a report established by a Justice of this division, upon a petition by the plaintiff.
The record discloses that the case was originally heard in the trial court by a special justice thereof who made a finding for the plaintiff; made findings of fact, and acted upon requested rulings of law. Since no objections appear it is assumed that the special justice was duly authorized to hear the case. After the finding the defendant requested a report, filed a draft report and requested a hearing thereon. Thereafter the defendant filed a motion to recall the finding for the reason that at the outset of the trial it was agreed and understood by the parties and the Court was requested to note that at no time did there exist the relationship of landlord and tenant between the plaintiff and the defendant, which agreement the court failed to include in its findings.
There was a hearing held on this motion and it was denied.
The defendant then filed a motion for a new trial, alleging that the court disregarded the understanding alleged as grounds for the motion to recall the finding. This motion was argued and denied. The defendant filed a claim for a report and a draft report. Both of these motions were heard and acted upon by the Justice who originally heard the case. No hearings were held on the requested draft reports.
Thereafter the defendant filed another motion for a new trial based substantially on the grounds earlier urged relative to the inclusion of the alleged agreement made before the trial and with supporting affidavits alleges that the finding was not a free, impartial judgment, and that the Judge should be disqualified from action on the case.
The motion was brought to the attention of the Presiding Justice, who, over the contention of the attorney for the *351 plaintiff that the matter was for the Special Justice who heard the case to pass upon, said that he himself would pass upon it, and later did so, allowing the motion for a new trial “on the ground that at the outset of the trial, counsel for the plaintiff and counsel for the defendant agreed and requested the Court to note that the relationship of landlord and tenant never existed between the plaintiff and defendant, and the case was tried on the strength of said agreement ...”
No jurisdictional question is presented. The issue is whether a presiding justice of a District Court has authority to hear a motion for a new trial in a case heard by a Special Justice of that Court, and to grant it, specifically on grounds upon which a prior motion had already been denied by the trial judge, it not appearing that the Special Justice had deceased, was ill or mentally or physically incapable of hearing the motion.
We are of the opinion that the action of the Presiding Justice was a nullity. Under the provisions of the Acts (Mass.) 1913 Chapter 289 it is provided that — Special Justices of police district and municipal courts . . . shall at all times have and exercise all the powers and duties of the justice of said court so far as to render decisions, make orders, and perform such other acts as they may deem necessary or proper in connection with or relating to matters which have been heard before them while holding a session of said Court under the provisions of section forty-one of said Chapter one hundred and sixty.
As a general rule the granting or denial of a motion for a new trial rests in the sound discretion of the trial judge.
It was said in an Opinion of the Justices to the Senate; 207 Mass 606, 609 — “We deem it the established law of this Commonwealth that the right of each party to have the *352 assistance and protection of the presiding judge, including the power on the part of the judge to set aside the verdict for a good cause, is a part of the right to a trial by jury . . . this right continues until a verdict is returned to which no valid objection is made.” The setting aside of a verdict is analogous to granting a new trial in that it is, as a practical matter, followed by it.
We find no statutory provisions covering.the point in issue as directed to District Courts, but neither the common law, rules of practice, nor any shown necessity warrants the course here adopted. The great advantage which parties derive by being heard by the judge who presided is here lost. If there be error there were other ways to raise the question. There was no stenographic report of the testimony, and no one was in a better position than the justice who heard the case to decide what transpired at the trial. See Comm. vs. Gedzium, 261 Mass. 299.
It clearly appears to be the intent of the Legislature that such motions should be disposed of by the Special Justice who heard the case, and it has never authorized “the court” to act as it has in some matters in the Superior Court. We cannot say as the matter is here presented that the Special Justice was in error in denying the original motion for a new trial. Litigation must end and if a litigant could go from one justice to another to seek a change in matters already passed upon it would result in endless delays. The motion for a new trial required the attention of a particular judge because the case was begun before him and remained uncompleted. Reno vs. Cotter, 236 Mass. 556, 560, 561.
We are not attempting to decide what the rights of the parties would be in case the Special Justice became ill or was no longer available. That issue is not presented here.
The order of “Motion Allowed” made by the Presiding *353 Justice of the Court will be vacated and stricken from the record. The case will be remanded to the originating court for such other action as may be appropriate on the state of the record.
So Ordered.