Louis J. Liesemer v. John Burg and Lulu A. Liesemer.

*Trust deed—Setting aside—Evidence.*

1. It cannot be said that the omission of the grantor to require a bond from the trustee named in the deed of trust is an unusual omission, and it is optional with the grantor to require it or not.

2. The fact that the friendly relations existing between the grantor and trustee at the time of the execution of the deed have changed to those of unfriendliness will not, of itself, justify the annulling of the deed.

3. The sole question in this case is whether the complainant was or was not in such a state of mind when he signed the trust deed, which he seeks to set aside, as to understand fully the import and effect of the instrument. And it is held that there is not found in the record evidence to warrant the granting of the relief prayed.

Appeal from Washtenaw. (Kinne, J.) Submitted on briefs June 23, 1894. Decided September 25, 1894.

Bill to set aside a trust deed. Defendant Burg appeals. Decree reversed, and bill dismissed. The facts are stated in the opinion.

*John F. Lawrence (E. B. Norris,* of counsel), for complainant.

*A. J. Sawyer (F. E. Jones,* of counsel,) for appellant.

HOOKER, J. We concur in the statement of complainant's counsel that—

"The sole question in this case is, was Louis J. Liesemer in such a state of mind, at the time he signed the trust deed, as to fully understand the import and effect of the instrument which he executed?"

The complainant has for many years been the owner of a newspaper in the city of Ann Arbor, in the editing and managing of which his late wife, Emma Liesemer, took part. They had one child, a daughter of five or six years. The mother died on September 26, 1888, and at the time of her death was the owner of property to the amount of $2,200. She left no will. On September 28, 1888, being the day before the burial of his wife, complainant executed and delivered to John Burg, one of the defendants, an instrument in writing under seal, duly acknowledged, whereby he assigned to Burg his interest in the estate of his former wife, and a certain mortgage and accompanying note for $3,000. The writing provided that Burg and his successors, which successors might be appointed by the proper court upon Burg's request and application, should hold the property assigned, "upon trust and confidence, to keep said money safely invested for the benefit" of said daughter until she should become 20 years of age, at which time she should become entitled to it in her own right. It provided for its use for her necessities, and that in case of her death it should go to her issue, if she left any surviving; if not, it was to revert to the complainant. The trust was accepted by Burg in writing at the bottom of the assignment. The mortgage and note, and a formal assignment thereof, were delivered with the writing aforesaid to Burg. Subsequently complainant claims to have demanded the return of the property assigned, and finally, some two years later, filed this bill to set the assignment aside, asserting that it was obtained by undue influence, at a time when he was mentally unable to understand the force and effect of the writing. The daughter was made defendant, and answers by guardian *ad litem.* Her answer alleges that the assignment rests in and is founded upon no covenant by Burg to execute the provisions and directions of the trust, and that he has not bound himself to

do so, and that no precautions or safeguards were provided by the assignment. It further alleges, on information and belief, that Burg has not accounted to the circuit or probate court, and expresses fears that he will refuse to account to her, and deprive her of her rights under the same. She prays for an accounting and other relief. Otherwise she submits her rights and interests to the court.

Burg and complainant married sisters, were intimate friends as long as Mrs. Liesemer lived, and the former aided complainant in various ways, such as assisting him to increase the circulation of his paper and loaning money for him, and possibly in some other ways. The circuit judge granted the relief prayed, though he practically required the complainant to pay Burg for his services in holding and investing the fund, and for his just and reasonable expenses in the defense of the suit, by allowing them from the property. He expressed confidence in the integrity of purpose of defendant.

We think that the testimony does not warrant the conclusion that the complainant was incompetent to make this disposition of a portion of his property. Doubtless he was grieved over the loss of his wife, and it is quite probable that he experienced a very tender solicitude for the welfare of his motherless child. He testifies that defendant took advantage of the situation to further his own interests, but, in our opinion, the great preponderance of testimony tends to show that Burg did not suggest or insist upon the arrangement, and we find no reason for saying that he designed to convert the property to his own use. The fact that no bond was required is suggestive of danger of loss, but it cannot be said that this was an unusual omission, and it was optional with complainant to require it or not. Nor can the determination depend upon expediency. It may be unfortunate that the relations of the parties have changed, but that fact does not justify the annulling

of a contract. It may be unfortunate that Burg is to have the control of the child's patrimony, considering the strained relations between him and her father, but it cannot be said to be much worse than to deprive her of it altogether, which would be done by a decree for complainant. So far as can be discovered from the evidence, the existing unfriendliness is the result of this suit, which is based upon charges of a character that Mr. Burg cannot be blamed for denying, and controverting by any proof at hand. It would be profitless to enter upon a discussion of the evidence in detail upon the questions of fact. It is perhaps enough to say that we do not find in this record evidence to warrant granting the relief prayed.

The decree of the circuit court will be reversed, and one entered here dismissing said bill, with costs of both courts.

The other Justices concurred.