### No. 11,637.

#### FRANCIS CARRAU VS. MARIE LOUISE CHAPOTEL.

Where, by the course of business in a supposed relation of principal and agent, the principal dispenses with any account of the agent, and none was kept, the heir of the principal, asserting a moneyed demand against the alleged agent, can not compel such account, least of all, in view of the fact that there are no books nor *data* to enable the asserted agent to meet the requirement of an account.

APPEAL from the Civil District Court for the Parish of Orleans. *Ellis, J.*

*Benjamin Rice Forman* for Plaintiff and Appellant.

*Charles J. Theard* and *Walter B. Sommerville* for Defendant, Appellee.

The opinion of the court was delivered by

MILLER, J. This suit was before this court on a previous occasion,

Carrau vs, Chapotel, 45 An. 850. It now comes up on the plaintiff's appeal from the judgment dismissing his demand for an account claimed of defendant as agent of Widow Carrau, and for plaintiff's portion as her heir, of money alleged to have been received by defendant as such agent.

The defence is that though Widow Carrau executed a power to defendant that she never acted under it; that defendant assisted in the collection of the rents of Widow Carrau, and accounted to her for all such rents; kept no account and has none to render; and the answer further avers the plaintiff is concluded with respect to his demand by the settlement of the succession of Widow Carrau, and by certain acts of transfer and acquittance of all claims between plaintiff and defendant as heirs of the deceased.

Widow Carrau, the mother of the parties, was an old lady, owning considerable property in this city, the collection of rents of which she attended to herself with occasional assistance of her daughter, the defendant, and she testifies that whenever she received the rents of her mother the amounts were promptly paid over; the daughter further testifies that never considering herself her mother's agent, but merely aiding her in the collections, she had no books, kept no accounts and can render none, and she denies any liability. A review of the testimony brings us to the conclusion that there was no relation of principal and agent, but simply the offices of assistance of a daughter to an aged mother. In view, too, of the testimony that the daughter kept no account, it seems to us we can render no judgment to compel an account.

Mrs. Carrau, the mother, died in 1890. The executors filed their account and have been discharged. The plaintiff opposed the account, but averred no debt due deceased by the daughter, and if there was any such debt, it should have been brought on the account. The inventory of Mrs. Carrau's estate showed no such debt, and plaintiff was a party to that inventory, concurring in the declaration of no other property than that inventoried. Later, there was an exchange between plaintiff and defendant of property inherited by them and an acquittance from each of claims against the other. The plaintiff contends that the acquittance extended only to the incidents of the exchange of real estate. The lower court gave these acts the effect of a full settlement.

If the relations of principal and agent ever existed between the

defendant and her mother she never exacted any account, and was content with the method in which the daughter performed the duties she was called on to render. It is evident that no such account was kept. We do not think the plaintiff can exact that of the agent which was dispensed with by the supposed principal, nor that this court can compel an account in view of the testimony that defendant has no books nor *data* on which to meet such requirement.

The account is merely incidental to the money demand. If the basis for that demand existed, the plaintiff could enforce it without the account. The burden of proof to sustain such a demand is not more onerous than that often resting on plaintiffs, and that burden plaintiff assumed, or should have assumed. The record contains a mass of testimony to show defendant's collections of the rents and charge of assets of her mother. But the testimony is met by that of the daughter, and corroborating testimony of others, that she paid over all that she received. The plaintiff does not claim there is any basis for a money judgment, but insists the defendant should be compelled to render the account. We have disposed of the question of the account, and think that after the full opportunity of the plaintiff to support his demand the litigation should be closed.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, and that plaintiff pay costs.