FLOWERS *v.* WAYNE CIRCUIT JUDGE.

1. JUDGMENT—VACATING DECREE—REHEARING—MANDAMUS — PRACTICE.

   A finding by the circuit judge that an order of a former circuit judge, now deceased, setting aside a decree and ordering a rehearing was obtained *ex parte* in chambers without notice, affidavit, or petition, and upon insufficient grounds for a rehearing, justified an order setting aside said order granting a rehearing under 3 Comp. Laws 1915, § 12139, and therefore mandamus will not issue to compel the vacation of said last order.

2. SAME.

   If the decree was settled and signed without notice to counsel, a motion should have been made to set it aside; if it was against the just rights of a party or rendered by reason of a misapprehension of the facts a rehearing should have been applied for.

Mandamus by Charles Flowers and another to compel Charles E. White, acting circuit judge of Wayne county, to set aside an order granting a motion to vacate an order granting a rehearing. Submitted January 24, 1922. (Calendar No. 29,937.) Writ denied June 5, 1922.

*William Look* and *Monaghan, Crowley, Reilley & Kellogg*, for plaintiffs.

*Walter M. Nelson*, for defendant.

WIEST, J. In 1908, Charles Flowers was appointed special guardian, in a proceeding under the statute, to sell real estate owned by minors and gave bond with the Massachusetts Bonding & Insurance Company as surety. The real estate was sold, and in November, 1914, a party in interest petitioned the court for an order for the payment of the proceeds. Mr. Flowers

filed a report and also objected to the petition.   Testimony was taken and the matter rested until March 17, 1920, when, without notice to Mr. Flowers or his attorney, Judge Hosmer signed a decree presented by the attorneys for petitioner, holding Mr. Flowers liable in the sum of $2,041, with interest thereon from June 5, 1908.   March 30, 1920, Judge Hosmer at the request of the attorney for Mr. Flowers set aside the decree of March 17th and ordered a rehearing. Later on, and after a considerable lapse of time, claimed to be excusable because of want of notice of the order of March 30th, a motion was made to set aside the order granting a rehearing.   Judge Hosmer having died, this motion was heard by Judge White, sitting in the Wayne circuit, and he vacated the order granting a rehearing and thereby restored the decree of March 17, 1920.   We are asked in this proceeding to direct the vacation of this last order.

If the decree granted by Judge Hosmer was settled and signed without notice to the attorney for Mr. Flowers a motion should have been made to set it aside.   If the decree was against the just rights of Mr. Flowers or rendered by reason of a misapprehension of the facts then a rehearing should have been applied for.   Judge Hosmer having died, Judge White presiding in the same circuit had authority, under proper showing, to set aside the order made by Judge Hosmer (3 Comp. Laws 1915, § 12139).   Judge White found that the order made by Judge Hosmer granting a rehearing was obtained *ex parte* in chambers without notice, affidavit or petition, and upon insufficient grounds for a rehearing and set the same aside.

The record sustains the finding, and the writ prayed for is denied, with costs against plaintiffs.

FELLOWS, C. J., and CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.

The late Justice STONE took no part in this decision.