JAGERISKEY *v.* KELEMEN.

JUDGMENT—SETTING ASIDE DEFAULT JUDGMENT—JURISDICTION.
In a judicial circuit in which there are more than two
judges, a judge holding court in said circuit other than
the one who entered a default judgment is without juris-
diction, on, motion, to vacate the judgment and set aside
the default, in the absence of a showing that the judge
who entered the default judgment was absent or unable
to act. 3 Comp. Laws 1915, § 12139.

Certiorari to Wayne; Law (Eugene F.) and Goff
(John H.), JJ. Submitted October 17, 1922. (Dock-
et No. 115.) Decided April 27, 1923.

Assumpsit by Stephen C. Jageriskey against Hugo
Kelemen and another for breach of a building con-
tract. From an order setting aside a judgment by
default, plaintiff brings certiorari. Reversed.

*Wilds & Wing,* for appellant.

*Edward Pokorny,* for appellees.

STEERE, J. On March 21, 1921, plaintiff commenced
an action in the Wayne county circuit court by dec-
laration in a plea of trespass on the case upon
promises against Hugo Kelemen, a building contractor
of Detroit. Personal service was had but defendant
did not appear and his default was entered on April
12, 1921. *Præcipe* was thereafter filed and the case
duly brought on for trial before Judge Goff of that
circuit. Testimony of several witnesses was heard
and a default judgment for $1,200 rendered in plain-
tiff's favor. Attempts to collect the judgment proved
unsuccessful. Several writs of garnishment were

issued and served without results.   On October 8, 1921, counsel for Magdalena Kelemen, executrix of Hugo Kelemen, made and entered a motion to vacate the judgment.   On October 17, 1921, her counsel requested the court to enter of record a suggestion of the death of Hugo Kelemen, said to have occurred on July 25, 1921, as the result of an accident.   The motion to vacate judgment and set aside the default was assigned by the presiding judge of Wayne county circuit court to Judge Law, an outside circuit judge then sitting as one of the judges of the Wayne circuit. When the motion was reached plaintiff's counsel requested Judge Law to refer the motion to Judge Goff, who had entered the judgment sought to be set aside and was at that time sitting as one of the regular judges of that court.   This request was refused.   The motion to set aside the judgment was then heard and granted by Judge Law.

Thereafter a motion to vacate Judge Law's order was made and assigned for hearing to Judge Goff, who was of opinion that under the case of *Mills* v. *McCloud*, 94 Mich. 627, he had "no jurisdiction to set aside the order of Judge Law and thus review his discretion and determination," and declined to grant the motion.   Plaintiff brings the case here for review by certiorari asking that the order of Judge Law vacating the judgment and setting aside the default be reviewed and reversed.   We are furnished by plaintiff with over 30 technical grounds of claimed error, but the only one meriting serious consideration is that of the jurisdiction of Judge Law to entertain the motion.

Section 12139, 3 Comp. Laws 1915, reads as follows:

"No stay of proceedings shall be directed or ordered by any one of the said circuit judges in any cause or proceeding excepting when the order or decree under which the proceedings are stayed shall have been made by such judge, except that where the judge making

such order or decree on which the proceedings are sought to be stayed shall be absent or unable to act, then an order staying proceedings on such order or decree may be made by either of the said circuit judges, and no order or decree shall be set aside or vacated except by the judge making the same, unless such judge shall be absent or unable to act."

Judge Goff was not absent and is not shown to have been unable to act. Defendants' counsel seeks to avoid that plain prohibitory mandate of the statute and justify the course pursued under the provisions of section 12136 which deals with assignment of business by the presiding judge, arranging for separate court rooms and customary court officials for each, powers of a single judge in matters assigned to him, etc. Counsel apparently relies on the provision of that lengthy section which says:

"Each judge, while so sitting for the transaction of business, shall have all the powers of any circuit judge sitting in any circuit court in this State, and the proceedings shall be regarded as proceedings of the circuit court had in open court at a session of the said circuit court."

Sections 12135 to 12139, inclusive, of the Compiled Laws of 1915 relate to judicial circuits where there are more than two judges. A careful reading of those sections as they run, with numerous details to cover and meet conditions and contingencies such a situation naturally gives rise to, makes plain that the concluding section (12139) is a mandatory jurisdictional provision qualifying and limiting all which may precede it on that subject. In circuits where more than two judges are provided for, sitting contemporaneously with each given in general terms like powers as a circuit judge, this concluding provision guards against confusion from conflict of authoritative adjudications amongst the judges of such court by divesting them

222—Mich.—37.

of jurisdiction to set aside or vacate each other's orders and decrees, except on the contingency that the judge who made or granted them, and with whom otherwise rests the power to vacate or set them aside in his discretion, is sick or unable to act. The reason for this special legislative limitation of jurisdiction is obvious, and no presiding judge can by assignment of the business of the court enlarge it. No question of discretion is there involved, and the cases cited relative to reviewing the discretionary action of a court in matters where the court has jurisdiction with discretionary powers to act are not in point.

That a proper showing of the absence or inability of the judge who made the order or decree to act on an application to set the same aside, is a prerequisite for another judge of the same circuit to entertain the application in circuits where there are more than two judges is indicated in *Flowers* v. *Wayne Circuit Judge*, 218 Mich. 500, wherein it is said:

"Judge Hosmer having died, Judge White presiding in the same circuit had authority, under proper showing, to set aside the order made by Judge Hosmer (3 Comp. Laws 1915, § 12139)."

In *Kintz* v. *Galvin*, 219 Mich. 48, the trial judge at conclusion of the testimony reserved his decision under the Empson act (3 Comp. Laws 1915, § 14568 *et seq.*) and submitted the case to the jury who returned a verdict in plaintiff's favor. While he still had the reserved question under advisement, the presiding judge of the circuit rendered a judgment on the verdict. Having reached a decision on the question taken under advisement, the trial judge filed an opinion ordering judgment for defendant *non obstante veredicto*, which was duly entered. After the case was in this court for review, he, on motion, entered an order setting aside the judgment on verdict in favor of plaintiff entered by the presiding judge. This

court held the first judgment by the presiding judge was without authority—"no judgment"—void and "without effect upon subsequent proceedings by the trial judge," whose judgment *non obstante* was the only judgment in the case. It is true, as counsel points out, this court found it unnecessary to discuss the authority of the trial judge to make an order vacating the void order of the presiding judge after the case was in the court, of which it only need be said that this court regarded it of no materiality, since the first judgment was void and a nullity, and the second judgment by the trial judge was the only judgment in the case.

The order of Judge Law granting defendants' motion to vacate the judgment rendered by Judge Goff was void for want of jurisdiction and must be set aside, leaving that motion standing as unheard, for reference to the judge who rendered the judgment unless upon proper showing he is found absent or unable to act.

Reversed.

WIEST, C. J., and FELLOWS, MCDONALD, CLARK, BIRD, and SHARPE, JJ., concurred. MOORE, J., did not sit.