VOKES & SCHAFFER *v.* MOORE.

JUDGMENT—JUDGES—ORDER OF JUDGE MAY NOT BE SET ASIDE BY ANOTHER JUDGE.

    Under 3 Comp. Laws 1915, § 12139, providing that no order or decree shall be set aside or vacated except by the judge making the same, unless such judge shall be absent or unable to act, a circuit judge of Wayne county properly refused to set aside an order of another judge striking defendants' special defenses from the files in order that an amended plea might be made substantially like the one stricken, in the absence of a showing that the first judge was absent or unable to act.

Error to Wayne; Miller (Guy A.), J.    Submitted January 30, 1924.    (Docket No. 94.)    Decided March 5, 1924.

Assumpsit by Vokes & Schaffer against William W. Moore and another on promissory notes.    Judgment for plaintiff on a directed verdict.    Defendants bring error.    Affirmed.

*Welsh & Bebout,* for appellants.

*Renaud, Hulett & Wing,* for appellee.

MOORE, J.   This case was brought to collect
$8,576.37, and interest, evidenced by 7 promissory
notes given by defendants to plaintiff, copies of which
notes were attached to the declaration.   The defend-
ants entered the plea of the general issue with notice
of special defenses.   `September 20, 1923, the case
came on for trial before Judge Guy A. Miller.   At the
close of all of the testimony he directed a verdict in
favor of the plaintiff in the sum of $10,032.94.   The
case is brought into this court by writ of error.

There are more than 100 calendar entries in the
case.   It will be necessary to refer to but few of them.

In May, 1923, Judge Ira W. Jayne entered an order
from which we quote:

> "The petition of the above named plaintiff praying
> that this court order stricken from the files and records
> in said cause the affidavit of merits and the amended
> affidavit of merits heretofore filed herein; also, all the
> special defenses pleaded therein under the general
> issue both in the original plea and in the amended plea,
> and the said plaintiff being present in court by its
> attorneys Wilds & Wing, and said defendants being
> present in court by their attorneys Welsh & Bebout,
> and the said attorneys for the said defendants having
> no objection to the said court entering an order as
> prayed in plaintiff's petition.
> "It is therefore ordered that the affidavit of merits
> and the amended affidavit of merits heretofore filed
> herein, and all the special defenses pleaded under the
> general issue, both in the original plea and in the
> amended plea, be and the same are hereby stricken
> from the files and records in said cause.
> "And it is further ordered that the plea of general
> issue shall be and remain the sole and only plea inter-
> posed or filed by said defendants in said action."

Later an amended plea was filed substantially like
the first one.   This was done without vacating the

order above quoted and without obtaining permission of the court to do so.    Later a motion was made before Judge Guy A. Miller to allow the plea to stand or at least to allow it to be refiled.    This motion was overruled and the directed verdict followed.

We quote from the brief of appellants' counsel:

"In conclusion it is the contention of defendants and appellants that the trial court erred in two particulars:

"1. In refusing to set aside the order of May 5, 1923.

"2. In striking defendants' amended answer from the files and refusing to allow the same to be refiled as of date of trial."

Counsel for appellee contend that as the order of May 5, 1923, is a consent order it cannot be disturbed. They further contend that Judge Miller could not set aside an order made by Judge Jayne without showing Judge Jayne was absent or unable to act.

Section 12139, 3 Comp. Laws 1915, reads:

"No stay of proceedings shall be directed or ordered by any one of the circuit judges in any cause or proceeding, excepting when the order or decree under which the proceedings are stayed shall have been made by such judge, except that where the judge making such order or decree on which the proceedings are sought to be stayed, shall be absent or unable to act; then an order staying proceedings on such order or decree may be made by either of the said circuit judges, and no order or decree shall be set aside or vacated except by the judge making the same, unless such judge shall be absent or unable to act."

This statute was recently passed upon by this court in the case of *Jageriskey* v. *Kelemen*, 222 Mich. 575. We think this case is controlling.

Judgment is affirmed, with costs to the appellee.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.