PEOPLE v. GENESEE CIRCUIT JUDGE.

1. CRIMINAL LAW—NEW TRIAL—WHERE TRIAL JUDGE ILL PRESIDING JUDGE MAY HEAR MOTION FOR NEW TRIAL.

Under 3 Comp. Laws 1915, § 15836, authorizing the court in which the trial of any indictment shall be had, at the same term or the next term thereafter, to grant a new trial, on motion therefor, the word "court" is not restricted to the judge presiding at the trial, but means that any judge who has been designated to preside, on the illness of the trial judge, may hear the motion.

2. MANDAMUS—NEW TRIAL—DISCRETION OF COURT NOT REVIEWABLE BY MANDAMUS.

The Supreme Court will not, on mandamus, review the

exercise of discretion of the trial court in disposing of a motion for a new trial in a criminal prosecution.

Mandamus by the people of the State of Michigan to compel Parm C. Gilbert, presiding circuit judge of Genesee county, to vacate an order denying a motion to set aside an order granting a new trial.    Submitted May 27, 1924.    (Calendar No. 31,417.)    Writ denied June 2, 1924.

*Andrew B. Dougherty,* Attorney General, *Harry G. Gault,* Prosecuting Attorney, and *William R. Roberts,* Assistant Prosecuting Attorney, for the people.

*C. A. Bishop* and *J. S. Parker* (*C. A. Withey,* of counsel), for defendant.

MOORE, J.    On the 5th day of March, A. D. 1924, one Edward P. Mears was convicted of the crime of obtaining money under false pretenses in the circuit court, presided over by the Honorable Fred W. Brennan, circuit judge for Genesee county.    Shortly after the conviction of defendant Judge Brennan became ill and has been confined to his home ever since. During a part of the time Honorable Parm C. Gilbert, a circuit judge, has been holding court in Genesee county circuit.    On the 3d day of April, A. D. 1924, a motion for a new trial filed on behalf of defendant Mears was brought on for hearing before Judge Gilbert.    The question of the jurisdiction of the judge to hear this motion was raised by the prosecuting attorney.    Judge Gilbert took the same under advisement and on the 5th day of April, A. D. 1924, held that he had jurisdiction to hear the motion for new trial and ordered that a new trial be granted.    A motion was made to vacate the order granting a new trial, which motion was denied.    Mandamus is sought compelling Judge Gilbert to vacate the new order.

We quote from the brief of the people:

"There are two questions, only, involved in the petition for writ of mandamus. These are, *first,* the jurisdiction of a judge other than the trial judge to hear a motion for a new trial; *second,* the alleged abuse of discretion on the part of the court hearing the motion for a new trial, said alleged abuse of discretion consisting of holding that the trial judge was in error in not charging the jury in express terms regarding presumption of innocence. Both these questions are directly involved in the granting of the new trial order and in the refusal of the court to set aside the new trial order previously entered."

It must not be forgotten that a showing was made that Judge Brennan was ill and could not hear the motion.

Section 15836, 3 Comp. Laws 1915, reads:

"The court in which the trial of any indictment shall be had, may, at the same term, or at the next term thereafter, on the motion in writing of the defendant, grant a new trial, for any cause, for which by law a new trial may be granted, or when it shall appear to the court that justice has not been done, and on such terms and conditions as the court shall direct."

What does the word court mean in this section? Can it be said that it is not the Genesee circuit court when Judge Gilbert is presiding, and is the circuit court of that county when Judge Brennan is presiding? We think it is the same court all the time, and that when it is shown the trial judge cannot act that any judge who has been designated to preside may act. The principle involved is discussed in *Flowers* v. *Wayne Circuit Judge,* 218 Mich. 500; *Jageriskey* v. *Kelemen,* 222 Mich. 575.

We now approach the second question: Suppose Judge Gilbert had refused to grant a new trial, would it be claimed that by the writ of mandamus we would review the exercise of his discretion? We think the

answer must be in the negative.   Having in the exercise of his discretion granted a new trial we are of the opinion that we should not by writ of mandamus review his action.

The writ is denied, but without costs to either party.

CLARK, C. J., and MCDONALD, BIRD, SHARPE, STEERE, FELLOWS, and WIEST, JJ., concurred.