STRANDT *v.* STRANDT.

1. COURTS—JURISDICTION—SUBJECT MATTER—CONSENT.
   Jurisdiction of the subject matter is governed by law and cannot be conferred by consent.

2. PARENT AND CHILD—CONTRACTS—SPECIFIC PERFORMANCE—WAIVER.
   Pursuant to agreement under which parents quitclaimed 80-acre farm to son and his wife for expressed consideration that parents were to leave farm and not return until, in their own judgment, they were unable to care for themselves and then receive care and support and suitable burial, performance by parents of agreement to leave premises *held*, waived by acts of parties until son and wife filed bill for specific performance.

3. SAME—CONTRACTS—CARE AND SUPPORT—BREACH—EVIDENCE.
   In suit by son and wife for specific performance of parents' agreement to leave farm in return for plaintiff's agreement to support parents in the home when latter, in their own judgment, became unable to care for and support themselves properly, parents' claim that son breached obligation to care for parents in the home in a proper and suitable manner *held*, not supported by the testimony.

4. SPECIFIC PERFORMANCE—REMEDY OF GRACE.
   Specific performance is a matter of grace and not of right.

5. CANCELLATION OF INSTRUMENTS—EQUITY—DISCRETION OF COURT.
   Cancellation of an instrument is not strictly a matter of right but rather a remedy, the granting of which rests in the sound discretion of the court.

6. ACCOUNTING—EVIDENCE.
   A bill for an accounting does not present a case for equitable relief unless the proofs show an agreement sufficiently clear and distinct to support it.

7. APPEAL AND ERROR—SPECIFIC PERFORMANCE—CANCELLATION OF INSTRUMENTS—ACCOUNTING—EVIDENCE.
   On appeal from decree of trial court in suit in which plaintiffs sought specific performance of a contract, defendants sought

cancellation of a quitclaim deed and all parties sought an accounting, each remedy requires satisfactory proofs to support averments of the parties and decision of the trial court as Supreme Court examines evidence *de novo.*

8. SAME—EQUITY—EVIDENCE—ACCOUNTING.

In suit by son and wife for specific performance of his parents' agreement to leave farm they had quitclaimed to plaintiffs in return for agreement to care for and support parents in event they became unable to take care of themselves, in which suit defendants asked for cancellation of the deed, record *held,* insufficient to justify specific equitable relief to either party; an accounting then being unnecessary.

9. COSTS—EQUITY—NEITHER PARTY PREVAILING.

No costs are awarded in equity suit where neither party prevails on appeal nor cites any authority in support of arguments.

Appeal from Allegan; Miles (Fred T.), J. Submitted October 16, 1936. (Docket No. 76, Calendar No. 39,145.) Decided December 28, 1936.

Bill by Carl Strandt and wife against William Strandt and wife for specific performance of a contract, an accounting and other relief. Cross-bill by defendants against plaintiffs for cancellation of a deed and other relief. Decree for defendants. Plaintiffs appeal. Reversed and bill and cross-bill dismissed.

*Leo W. Hoffman,* for plaintiffs.

*Harry Pell,* for defendants.

BUSHNELL, J. Plaintiff Carl Strandt, the son of defendants William and Mary Strandt, joined with his wife Mildred in a bill for specific performance of a written agreement entered into by the parties hereto on November 9, 1933, and for an accounting.

The parents had lived for some years on an 80-acre farm in Watson township, Allegan county, which, at the date of the agreement, was incumbered by a mortgage of $1,500, then in default as to principal, interest and taxes. The son and daughter-in-law, with their five children, at the time were living in Kalamazoo where Carl was barely making ends meet. The parents quitclaimed their interest in the 80 acres to the younger couple who secured a new mortgage from the Federal Land Bank in the sum of $2,000, the proceeds of which, with the exception of about $200, were used to satisfy the defaulted mortgage, pay accrued taxes and provide new insurance, etc.

The younger family moved to the farm and shared the same dwelling house with the parents. Unfortunately the home was not large enough to house the two families in peace and happiness. The details of the ensuing domestic difficulties are immaterial. Defendants do not dispute the fact that Carl put up some fences, did some badly needed roofing, bought two cows and a manure spreader and generally helped put the farm back into running condition. Some of the new mortgage money was used for these necessary repairs and to purchase seed. Disputes also arose between the father and son over the operation of the farm and the use of personal property.

The written agreement which accompanied the quitclaim deed provided, in part:

"The sole consideration for this deed is that, first parties having agreed to remove from said premises, second parties, will, when first parties become unable, in their own judgment, to care for themselves and to support themselves properly, care for first parties in the home on the premises above conveyed,

so long as first parties, or either of them, shall survive, in a proper and suitable manner, furnishing them with good food, with sufficient and necessary clothing, with a reasonable amount of spending money, with care and medical treatment in sickness and provide a proper burial. * * *

"In the event that the parties hereto, or any of them, contend that this agreement is not being complied with, then the differences between the parties may be adjusted by the circuit court for the county of Allegan, in chancery, such court to make such reasonable and equitable decree as may, at the time, be just. * * *

"It shall be considered that the agreement has been complied with, if no proceedings have been taken by first parties (William and Mary Strandt) to set the same aside or to obtain the adjustment of any controversy which may have existed between the parties hereto prior to the death of the survivor."

The averments of plaintiffs' bill of complaint were denied generally and specifically; defendants sought affirmative relief by cross-bill in which they stated:

"That these defendants desiring to advance the interests of their son and his family and believing the representations of said plaintiffs were overpersuaded by their fluent arguments and agreed to give a quitclaim deed as they desired. * * *

"That due to the fiduciary relationship existing between the parties these defendants were induced to enter into an arrangement prejudicial to their interests and from which they never will receive any benefit.

"That plaintiffs have had the income from said farm and use of the personal property belonging to these defendants for a period of two years and upwards and have derived great benefit therefrom."

Defendants' cross-bill asked for cancellation of the quitclaim deed and for an accounting.

This appeal is from a decree in favor of defendants.

The agreement, by its language, purports to confer jurisdiction upon the "circuit court for the county of Allegan, in chancery."

"Jurisdiction of the subject-matter is governed by law and cannot be conferred by consent." *Halkes* v. *Douglas & Lomason Co.,* 267 Mich. 600.

How have defendants breached their written agreement? Was it by their refusal to leave the farm? The agreement was dated November 3, 1933 and recites defendants' promise to leave the premises as its sole consideration. Performance was waived by the acts of the parties for at least two years and until plaintiffs filed their bill on October 25, 1935. Carl testified in April, 1936:

"My parents have continued to live on the premises since 1933. We each occupy separate parts of the house. That has been the arrangement since I took possession the 1st of February, 1934. * * * I told them last fall that I wouldn't stay there under these circumstances and asked them why they didn't move as they agreed to."

Had defendants moved, there is nothing in the contract to prevent their return if "in their own judgment" they became unable "to care for themselves and to support themselves properly." Testimony was given by defendants tending to show their inability "to care for themselves and to support themselves properly."

Defendants' claim of Carl's breach of his obligation to "care for first parties in the home * * * in a

proper and suitable manner," etc., is not supported by the testimony.

Defendants' cross-bill does not specifically allege fraud in the inception of the agreement and the trial court did not make a finding of fraud. The opinion says:

"It is apparent from the claims and the testimony that the situation created by the agreement is impossible for both families. It would be unjust to subject the defendants to the situation; it would be unjust to plaintiffs to subject Carl's wife and children to the unbearable conditions now existing, and in pursuance of the agreement of the parties that if they couldn't get along the 'Court is to make such reasonable and equitable decree, as may, at the time, be just.'"

We quote from the cross-examination of Carl Strandt:

"*Q.* Your parents have always treated you pretty nice, haven't they?

"*A.* I never had much complaint up until we moved down there.

"*Q.* The trouble is now that two families can't get along in that house?

"*A.* That is the foundation of it."

Plaintiffs seek specific performance; defendants desire cancellation of their deed and both parties ask for an accounting.

Specific performance is a matter of grace and not of right (*Denby* v. *Dorman,* 261 Mich. 500), and cancellation is not strictly a matter of right, but rather a remedy, the granting of which rests in the sound discretion of the court. *Capital Savings & Loan Co.* v. *Standard Savings & Loan Ass'n,* 264 Mich. 550. A bill for an accounting does not present a case for

equitable relief unless the proofs show an agreement sufficiently clear and distinct to support it. *Eccard v. Brush,* 48 Mich. 3. Each of these remedies requires satisfactory proofs in support of the averments of the parties and of the decision of the trial court. Our duty is to examine the evidence *de novo* and ascertain if either of the parties has maintained its claims.

The only positive conclusions that can be reached are that the parties are unable to carry out harmoniously their respective obligations and the relief sought by each is but a matter of expediency made desirable by the unhappiness of the situation.

Mrs. Mary Strandt's unsupported testimony does not justify cancellation of a deed that was voluntarily executed; plaintiffs' proofs do not permit a decree for specific performance of defendants' promise to move from the farm and without either, an accounting is unnecessary.

The record before us does not contain testimony in behalf of either party sufficient to support a decree giving equitable relief. *Liesemer v. Burg,* 102 Mich. 20, and *McClellan v. Moore,* 272 Mich. 630.

The decree of the trial court is vacated and one may be entered here dismissing both the bill and cross-bill. Neither party having prevailed and neither having cited any authorities in support of their arguments, no costs will be allowed.

NORTH, C. J., and FEAD, WIEST, BUTZEL, SHARPE and TOY, JJ., concurred. POTTER, J., did not sit.