GRAND HAVEN STATE BANK v. PRENDERGAST.

1. ACCOUNTING—BURDEN OF PROOF.
    The burden of proving a right to an accounting is upon the party
    seeking it.

2. SAME—BURDEN OF PROOF—ADEQUATE REMEDY AT LAW.
    An accounting will be denied when plaintiff not only fails to
    sustain the burden of proof but has an adequate remedy at law.

3. SAME—CONFIDENTIAL EMPLOYEE—EVIDENCE.
    In administrator's suit for accounting by woman who had
    assisted deceased in carrying on a millinery and hair goods
    business for upwards of 50 years, where Supreme Court is in
    accord with trial court's finding that plaintiff's attorney
    examined all check book stubs, checks and statements in de-
    fendant's possession and made no complaint as to any item
    and that there was no evidence that deceased's confidence in
    defendant had ever been misplaced, no accounting by defendant
    is required, where it also appears that such expenditures as
    were made from her account in which deceased's annuity pay-
    ments were deposited were with his knowledge, consent and
    approval and that no fraud had been practiced upon him.

4. SAME—MENTAL COMPETENCY OF DECEASED—UNDUE INFLUENCE.
    Employee who occupied a position of confidence of deceased for
    upwards of 50 years, who deposited his indorsed annuities
    checks in her bank account, paid his bills, and submitted
    account to him for approval, will not be required to account
    to administrator of deceased's estate which consisted of but a
    part of a month's payment on certain annuity contracts, where
    court found deceased was not incompetent at any time to
    attend to his own business and undue influence was not shown.

Appeal from Ottawa; Miles (Fred T.), J. Sub-
mitted June 20, 1939. (Docket No. 67, Calendar No.
40,594.) Decided September 5, 1939.

Bill by Grand Haven State Bank, as administrator with will annexed of the estate of Josiah E. Vincent, deceased, against Nellie R. Prendergast for an accounting and other relief. Bill dismissed. Plaintiff appeals. Affirmed.

*Monaghan, Crowley, Clark & Kellogg,* for plaintiff.

*McAllister & McAllister* (*Irving H. Smith,* of counsel), for defendant.

SHARPE, J. Plaintiff filed a bill of complaint and seeks an accounting for moneys of Josiah E. Vincent, deceased, claimed to have come into defendant's hands.

The material facts are not in dispute. Josiah E. Vincent about the year 1875 was engaged in carrying on and conducting a millinery and hair goods business in Kansas City. In 1881, defendant, Nellie R. Prendergast, who was then a young girl, went to work for him. Defendant continued to work for him, aiding and assisting him in carrying on and conducting his business for more than 50 years. About the year 1925, Josiah E. Vincent retired from business and moved to Spring Lake, Michigan. He brought Nellie Prendergast with him and they lived there together until his death in January, 1934, at the age of 98 years.

In 1930, Josiah E. Vincent had a slight stroke and was in feeble health all of that summer. About this time, a will was prepared in which he gave Ida M. Johnson practically all of his property. In 1931, he gave Ida M. Johnson the sum of $6,750 while her son, Burt, received $6,550 and her daughter, Doris, $6,180. In 1933, there was $20,000 in an account of Mr. Vincent's in a Kansas City bank and Mrs. Johnson received this in the following form: about

$9,907.60 in cash, 100 shares of stock in the reorganized bank worth $1,500 and the impounded balance of $7,592.40. Mrs. Johnson was the sole relative of Josiah E. Vincent except a half brother and half sister who were given a dollar each in the will. During the years 1931, 1932, and 1933, Josiah E. Vincent in addition to giving money to Mrs. Johnson and her children gave money to charity and purchased annuities from which he derived an income of approximately $18,000 a year.

After the spring of 1930, Mr. Vincent relied more and more upon defendant to handle his business affairs. When the monthly check from the annuities came, Mr. Vincent indorsed the same and the check was deposited in defendant's bank account. She paid all bills and submitted the account to Mr. Vincent for his approval. The trial judge found as a fact that Mr. Vincent was not incompetent at any time to attend to his own business and that there was no evidence of undue influence exercised upon Mr. Vincent by defendant or any one else.

Defendant was named executrix of Josiah E. Vincent's will, but declined to act and plaintiff was appointed administrator with will annexed. The administrator found no property belonging to deceased except a part of one month's payment under certain annuity policies owned by deceased.

The trial court dismissed plaintiff's bill of complaint and held that Mr. Vincent's income was expended under his direction; and that accountings satisfactory to him were made from time to time by the defendant up until the time of his death.

Plaintiff contends that for years there was an intimate personal and business association between Josiah E. Vincent and Nellie R. Prendergast; and that such a confidential relationship calls into exis-

tence the rule that when confidential relations exist between two persons resulting in one having an influence over the other, and a business transaction takes place between them resulting in a benefit to the person holding the influential position, the law presumes everything against the transaction and casts the burden of proof upon the person benefited to show that the confidential relation was, as to that transaction at least, suspended, and that it was as fairly conducted as if between strangers. In the instant case, plaintiff asks for an accounting.

In *Nichols* v. *Martin,* 277 Mich. 305, we held that the burden of proving a right to an accounting is upon the party seeking it; and that an accounting will be denied when plaintiff not only fails to sustain the burden of proof but has an adequate remedy at law.

See, also, *Strandt* v. *Strandt,* 278 Mich. 354.

We are in accord with the finding of the trial court that:

"All check stubs, checks and statements in possession of defendant were produced and examined by plaintiff's counsel and no complaint is made of any item of expenditure. * * *

"Moreover, during about fifty years defendant was a trusted employee and intimate associate to whom Mr. Vincent looked with confidence, and there is no evidence that such confidence was ever misplaced."

We are of the opinion that the expenditure of the money by Nellie R. Prendergast was with the knowledge, consent and approval of Josiah E. Vincent; that Josiah E. Vincent went over these statements and checks from time to time; and that there was no fraud or misrepresentation practiced upon Josiah E. Vincent. Under such circumstances the rule of law

is well stated in *Barnett* v. *Kemp*, 258 Mo. 139 (167 S. W. 546, 52 L. R. A. [N. S.] 1185), where the court said:

"That he received and paid out money for her in conducting her business, we do not doubt, although there is a paucity of testimony in this regard. In the absence of an express appointment or acceptance, much may, of course, be inferred as to the nature of a business relationship from the words and conduct of the parties and the correlative circumstances connected with the case. We have weighed all of these in an effort to determine whether the relation which existed between these parties was such as to create a liability on the part of the defendant. The fact that the relation of principal and agent may in form have existed in this case, lends no force to plaintiff's claim unless it be shown that a liability was thereby created on the part of defendant. * * *

"The mother being dead, the son's mouth is closed as to the nature of his relations with her; and the evidence in regard thereto, in the absence of other witnesses, must be gleaned from her conduct, so far as it can be shown by all the facts and circumstances in the case. While he acted for her and she kept a watchful eye upon his actions, she required him to keep no books and if he accounted to her it must have been orally after each transaction. If he was required to make settlements, the conclusion is almost inevitable that they were made after the same manner as his reports. No syllable of testimony indicates that she was at any time dissatisfied with his manner of proceeding. * * * Under this state of facts, in the utter absence of evidence to sustain it, we are asked by the plaintiff to require the defendant to do what was never required of him by his mother, *viz.*, render an account of his transactions.

"Living, Mrs. Sarah Kemp may have been unbusinesslike in her methods, but her power to do with her own as she chose cannot be questioned. If she chose to give her income or more to her son in ex-

change for a home and the companionship of those endeared to her by association and ties of blood, a court of conscience, whose decrees should be tempered by sentiment as well as a wholesome sense of right, should not interfere with her choice. Especially is this true where as in this case there is no allegation of fraud, unfair dealing, or undue influence, and no intimation that she was not, at all times, of sound mind. The plaintiff's petition is to be commended in this respect as, after the necessary formal allegations, it plants its plea for a decree upon defendant's mismanagement of the estate. In our opinion, the facts and circumstances do not justify equitable intervention. Precedents in support of the conclusion reached here in regard to an accounting may be found in the following cases: *Donovan* v. *Griffith,* 215 Mo. 149 (114 S. W. 621, 20 L. R. A. [N. S.] 825, 128 Am. St. Rep. 458, 15 Ann. Cas. 724); *Smith* v. *Perry,* 197 Mo. 438, 461 (95 S. W. 337); *Crowley* v. *Crowley,* 167 Mo. App. 414 (151 S. W. 512); *Carrau* v. *Chapotel,* 47 La. Ann. 408 (16 South. 873); *Evans* v. *Evans,* 42 Tenn. (2 Cold.) 143; *Fidelity Title & Trust Co.* v. *Weitzel,* 152 Pa. 498 (25 Atl. 569); *McCarty* v. *McCarty's Admr.,* 11 Ky. L. R. 366; *Rich* v. *Austin,* 40 Vt. 416; *Macauley* v. *Elrod,* 16 Ky. L. R. 549 (28 S. W. 782, 29 S. W. 734); *Hamilton* v. *Hamilton,* 15 App. Div. 47 (44 N. Y. Supp. 97, 102); *Robbins* v. *Robbins,* 3 Atl. (N. J. Chan.) 264.

"The industry and learning of counsel have prompted them to submit, *pro* and *con,* other matters for our consideration than those we have discussed, but as the burden of plaintiff's plea is for an accounting, and we have denied his right to same, the consideration of other matters is unnecessary."

The decree of the trial court is affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, POTTER, CHANDLER, and NORTH, JJ., concurred. MCALLISTER, J., did not sit.