EGGERMONT v CITY OF CLAWSON

Docket No. 77-4527. Submitted December 12, 1978, at Detroit.—Decided January 17, 1979.

Cornelius Eggermont and several other landowners brought an action in Oakland Circuit Court in 1972 against the City of Clawson and the Treasurer of the City of Clawson, challenging a special assessment against their properties for the widening of a road. Trial was had in 1977, and a judgment granted in favor of two of the plaintiffs, John N. O'Brien, J. Defendants appeal. *Held:*

During the pendency of this action the Tax Tribunal was created. The tribunal has exclusive jurisdiction over matters concerning special assessments. By the terms of the Tax Tribunal Act all pending matters subject to the tribunal's exclusive jurisdiction were transferred to the Tax Tribunal on September 1, 1974. Therefore, the circuit court did not have subject-matter jurisdiction to decide this matter.

Reversed and remanded to the Tax Tribunal.

TAXATION — TAX TRIBUNAL — JURISDICTION — SPECIAL ASSESSMENTS — STATUTES.

An action relating to special assessments for street improvements is subject to the jurisdiction of the Tax Tribunal; an action that was pending at the time the tribunal was created and was not heard before August 31, 1974, by the terms of the Tax Tribunal Act was transferred to the Tax Tribunal and the circuit court in which the matter was pending was ousted of its jurisdiction over the subject matter (MCL 205.731, 205.741, 205.771; MSA 7.650[31], 7.650[41], 7.650[71]).

Frazier C. Foren, *in propria persona.*

Thomas P. Jones, *in propria persona.*

REFERENCE FOR POINTS IN HEADNOTE
70 Am Jur 2d, Special or Local Assessments §§ 146, 156.

*Davis, Hayward, Hertler, Jones & Kingsepp,* for defendants.

Before: DANHOF, C.J., and R. M. MAHER and D. C. RILEY, JJ.

PER CURIAM. Plaintiff landowners brought this action in Oakland County Circuit Court, challenging a special assessment to finance the widening of the road on which their property fronts. Trial on the merits resulted in judgment for two of the plaintiffs. Defendants appeal, claiming that the trial court erred in finding that no special benefit accrued to plaintiffs as a result of the road improvement. Because of the peculiar procedural posture of this case, we reverse without considering the merits and remand to the Tax Tribunal.

Although the complaint in this action was filed in 1972, trial was not had until 1977. Meanwhile, the Legislature enacted the Tax Tribunal Act, MCL 205.701 *et seq.;* MSA 7.650(1) *et seq.,* effective July 1, 1974. That act created the Tax Tribunal and vested in it exclusive jurisdiction to review, *inter alia,* determinations and orders relating to special assessments, MCL 205.731; MSA 7.650(31), MCL 205.741; MSA 7.650(41). Section 71 of the Tax Tribunal Act provided for the transfer of pending matters subject to the tribunal's jurisdiction, MCL 205.771; MSA 7.650(71):

"The following subdivisions are applicable to a matter subject to the tribunal's jurisdiction, but which is pending on the effective date of this act before any forum, described in section 41:
"(a) A matter which has not been heard on or before August 31, 1974, is transferred to the tribunal on September 1, 1974."

Because the instant case was pending on the effective date of the act, but had not been heard on or before August 31, 1974, it is clear that the circuit court was ousted of its jurisdiction of this matter on September 1, 1974, *cf. Consumers Power Co v Big Prairie Twp,* 81 Mich App 120; 265 NW2d 182 (1978), *Eyde v Lansing Twp,* 79 Mich App 358; 261 NW2d 321 (1977), *remanded* 402 Mich 950j (1978). Apparently neither the court nor the parties realized that the court no longer had jurisdiction, and the matter went to trial. However, we must reverse the trial court's judgment for lack of jurisdiction over the subject matter.[1] The Tax Tribunal being the proper forum for this action, we remand to that body for consideration on the merits, *Eyde, supra.*

Reversed and remanded to the Tax Tribunal for further proceedings. No costs, neither party having prevailed in full.

---

[1] We note that subject-matter jurisdiction may not be conferred by the conduct or consent of the parties, *Shane v Hackney,* 341 Mich 91; 67 NW2d 256 (1954).